# NORTHERN PACIFIC RAILROAD COMPANY, RE-SPONDENT, *v.* BENDER, APPELLANT.

[Submitted, November 8, 1893. Decided, November 3, 1893.]

EXECUTIONS—*Issuance after lapse of five years.*—The fact that an execution issued upon a judgment within five years after its rendition was never returned will not prevent the granting of leave to issue an execution after that time, under ¿ 349 of the Code of Civil Procedure, providing, that after five years from the entry of judgment, execution can only issue by leave of the court upon motion with proof that the judgment of some part thereof remains unsatisfied, but the leave shall not be necessary when the execution has been issued on the judgment within five years, and returned unsatisfied in whole or in part.

*Appeal from Seventh Judicial District, Custer County.*

Plaintiff's motion for leave to issue execution was granted by MILBURN, J.   Affirmed.

*Middleton & Light,* for Appellant.

I.   The fact that the execution was not returned can, of course, be shown, but the fact as to its being satisfied, or otherwise, can only be shown by the return of the officer, which is conclusive as between the parties.   (7 Am. & Eng. Ency. of Law, 156.)   Where the statute makes it unnecessary to obtain leave where the execution was issued during the five years next after the entry of judgment it was undoubtedly intended that the remedy by execution during the first five years be exhausted before the court could properly grant leave to issue execution.   The record shows that the execution was issued and placed in the hands of the sheriff, but no excuse is offered or reason given why this remedy was not exhausted.   An *alias* writ should only be issued after the return of the original writ.   (7 Am. & Eng. Ency. of Law, 122.)

II.   The statute, after getting both parties into court, then requires the party to establish his case by the oath of the party or other satisfactory proof.   In the case at bar nothing was offered except the motion upon which the court made its order. By satisfactory proof is meant evidence to satisfy, adduced before a court in a judicial way.   (19 Am. & Eng. Ency. of Law, 283.)   No evidence was introduced, no party sworn, no opportunity for cross-examination of the statements submitted, which were largely the conclusions of the affiant, and not in

the nature of facts from which the court could rightly draw conclusions. Such being the case we contend no such showing was made that would warrant the granting of the order.

*Cullen & Toole,* for Respondent:

It will be presumed that the court trying the case found facts sufficient to support its judgment or order, and found them correctly. (*Mason* v. *Germaine,* 1 Mont. 263; *Ming* v. *Truett,* 1 Mont. 322; *Morse* v. *Swan,* 2 Mont. 306; *Fabian* v. *Collins,* 3 Mont. 229; *Clark* v. *Baker,* 6 Mont. 153; *Alder Gulch etc. Mining Co.* v. *Hayes,* 6 Mont. 31; *Bass* v. *Buker,* 6 Mont. 443; *Beck* v. *Beck,* 6 Mont. 318; *McMillan* v. *Carter,* 6 Mont. 220.)

PEMBERTON, C. J.—On the eighteenth day of November, 1887, the respondent recovered judgment against the appellant, in the district court in and for the county of Custer, for the recovery of possession of certain real estate situated in said county, and for one dollar, as damages for the detention thereof.

Within five years of the rendition of such judgment, execution was issued thereon, but was never returned. On the eighth day of August, 1893, five years having elapsed since the rendition of said judgment, the respondent filed its motion in the district court in said county, asking for an order of said court granting leave to respondent to cause an execution to be issued by the clerk of said court to carry into effect said judgment. The motion was filed under and in accordance with section 349, Code of Civil Procedure, which is as follows:

"After the lapse of five years from the entry of judgment, an execution can only be issued by leave of the court, upon motion, with personal notice to the adverse party, unless he be absent, or nonresident, or cannot be found, to make such service, in which case service may be made by publication, or in such other manner as the court shall direct; such leave shall not be given unless it be established by the oath of the party, or other satisfactory proof, that the judgment, or some part thereof, remains unsatisfied and due; but the leave shall not be necessary when the execution has been issued on the judgment within the five years, and returned unsatisfied in whole or in part."

The motion contains all the material allegations required by said statute. Notice of the filing of said motion was served upon the appellant, and he appeared by counsel in court at the hearing thereof, and resisted the same. The trial court granted the order prayed for, and from the granting of this order this appeal is prosecuted.

The appellant's principal ground of exception to the action of the court below appears to be founded upon the contention by appellant that the court could not grant the order for the issuing of an execution, because an execution had issued before the expiration of five years after the rendition of judgment in the case. The statute quoted above provides that " leave shall not be necessary when execution has been issued on the judgment within the five years, and returned unsatisfied in whole or in part." It seems, therefore, from this statute, that two things are necessary to render leave of court in such cases unnecessary, viz., the issuance of the execution within five years from the rendition of judgment, and the return thereof unsatisfied in whole or in part. As far as the record shows, it is not contended that the execution was ever returned at all. If appellant's contention means any thing, it means that respondent was entitled to execution without leave of court for its issuance. If so, how can the appellant be injured by the action of the court in ordering it to issue? The appellant appeared and resisted this motion. He tendered no issue as to any fact alleged in the motion of respondent. This was tantamount to a confession of the truth of the facts alleged in said motion, and constituted "satisfactory proof," other than stated in respondent's motion and affidavit, that the judgment was unsatisfied and due.

We are of the opinion that the errors complained of by the appellant are purely technical, and without merit.

The order of the court below is affirmed.

*Affirmed.*

Harwood and De Witt, JJ., concur.